# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ARANGO, an individual,<br><br>                               Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A.; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA HOME LOANS; AMERICAN WHOLESALE LENDER; THE LOAN CONSULTANTS; BAC HOME LOANS SERVICING LP; and DOES 1 through 20,<br><br>                               Defendants. | CASE NO. 09 CV 01754 MMA (JMA)<br><br>**ORDER:**<br><br>**GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 15]<br><br>**DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**<br><br>[Doc. No. 14]<br><br>**DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AS MOOT**<br><br>[Doc. No. 15-3] |

///

Before the Court is Defendants ReconTrust Company, N.A. ("ReconTrust"), Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, N.A.,[1] America's Wholesale Lender,[2] and BAC Home Loans Servicing, LP's ("BAC") (collectively, "Defendants") motion to dismiss Plaintiff Sandra Arango's second amended complaint ("SAC"). [Doc. No. 15.] Defendants also filed a motion to strike certain allegations in the SAC regarding Plaintiff's demand for punitive damages and attorney's fees. [Doc. No. 14.] Plaintiff submitted a combined opposition to both Defendants' motions [Doc. No. 17], and Defendants submitted a reply brief in support of each motion [Doc. Nos. 18, 19]. Additionally, Defendants submitted a Request for Judicial Notice, requesting the Court consider the loan documents identified in Plaintiff's SAC. [Doc. No. 15-3.][3] For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss the SAC, **DENIES** Defendants' motion to strike as moot, and **DENIES** Defendants' request for judicial notice as moot.

**BACKGROUND**

This action arises out of foreclosure-related events with respect to Plaintiff's home.[4] On or about October 13, 2006, Plaintiff purchased a condominium located at 1075 N. Escondido Blvd. #104, Escondido, California 92026 (the "Property"). [SAC, Doc. No. 11, ¶2.] Plaintiff obtained financing to purchase the Property from America's Wholesale Lender, an agent of Countrywide. [*Id.* at ¶¶9-10.] The Loan Consultants acted as a broker to facilitate the loan transaction. [*Id.* at ¶¶6, 10.] America's Wholesale Lender provided Plaintiff a first loan in the amount of $225,600, and a second loan in the amount of $56,400. [*Id.* at ¶9.] Bank of America and its subsidiary BAC
/ / /

---

[1] Erroneously sued as Bank of America Home Loans.

[2] Erroneously sued as American Wholesale Lender.

[3] Defendant The Loan Consultants did not join either of Defendants' motions, nor their request for judicial notice.

[4] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976). All facts cited are taken from Plaintiff's SAC unless otherwise noted.

serviced both loans. [*Id*. at ¶11.] According to Plaintiff, Defendants should never have approved her loan application. [*Id*. at ¶¶14-15.]

In her initial loan application, Plaintiff accurately stated her yearly income. [*Id.* at ¶12.] Although the SAC does not indicate the income Plaintiff stated, she submitted her 2005 and 2006 tax returns for an audit,[5] which identified her average monthly income as $1,425.17. [*Id*. at ¶15.] Defendants did not request proof of her income, and never showed Plaintiff they erroneously stated her income as $7,333 per month on the loan application. [*Id*. at ¶¶12, 15.] Because Defendants exaggerated Plaintiff's income, she obtained loans that she would not have otherwise qualified for to purchase the Property. [*Id*. at ¶¶14-15.] Additionally, Defendants Countrywide and America's Wholesale Lender inflated the Property's value by $8,000 on the loan documents by using money the seller had given Plaintiff towards closing costs. [*Id*. at ¶16.] The inflated property value allowed Defendants to charge more money in origination costs, and to collect more interest from Plaintiff because of the additional money she borrowed. [*Id*.]

In addition, Plaintiff alleges she did not receive certain disclosures required by the federal Truth In Lending Act ("TILA" 15 U.S.C. §§ 1601-1666j) and Real Estate Settlement and Procedures Act ("RESPA" 12 U.S.C. § 2601 *et seq.*). [*Id*. at ¶19.] For example, Defendants violated TILA when they did not disclose, in writing within three days prior to closing: Plaintiff's right of rescission; "written disclosures of the amount being financed;" an "historical example of maximum interest rates and payments for adjustable-rate mortgages;" the Consumer Handbook on Adjustable-Rate mortgages; and a "property/hazard insurance disclosure." [*Id*. at ¶65.] Similarly, Defendants violated RESPA by requiring Plaintiff use a particular title company; participating in kickbacks; and failing to provide accurate initial and final Good Faith Estimates, Notice of Assignment, Sale or Transfer of Servicing Rights, and Escrow Account Disclosure documents. [*Id*.

---

[5] To whom or for what purpose is unclear. Although later in the SAC Plaintiff alleges she provided her "2005 income tax returns and/or signed a 4506-T form to authorize release of her tax returns . . . "but Defendants [T]he Loan Consultants, Countrywide, and America's Wholesale Lender ignored said documents." [*Id*. at ¶30.]

at ¶¶76-77, 110.][6]  Plaintiff, a native Spanish speaker, never received Spanish translations of the loan documents.  [*Id*. at ¶13.]  Although defendant The Loan Consultants negotiated the entirety of the loan application in Spanish, without translations at signing, Plaintiff did not understand the English documents she was required to sign.  [*Id*.]

As a result of Defendants' wrongful conduct, Plaintiff experienced difficulty paying the mortgages on her Property.  [*Id*. at ¶20.]  On May 28, 2009, Plaintiff's counsel sent two Qualified Written Requests ("QWR") to Defendant BAC (the loan servicer), requesting information related to her loans on the Property.  [*Id*. at ¶54.]  BAC did not respond to the letters, nor did BAC ever attempt to work with Plaintiff to modify her loans.  [*Id*. at ¶¶21, 54-55.]  On May 28, Plaintiff's counsel also sent a rescission letter to Defendant Countrywide.  [*Id*. at ¶21.]  Because of Defendants' conduct, the Property is currently involved in foreclosure proceedings and was scheduled to be sold at a trustee's sale on February 9, 2010.  [*Id*. at ¶¶21, 24.]

Plaintiff filed this action against six named defendants, alleging seventeen causes of action, on August 12, 2009 [Doc. No. 1].  Plaintiff filed a first amended complaint with eighteen causes of action on September 11, 2009 [Doc. No. 4], and then (per a stipulation by the parties) filed a second amended complaint on January 19, 2010, alleging the following nine claims: (1) Intentional Misrepresentation; (2) Breach of Fiduciary Duty; (3) Quiet Title; (4) Accounting and Violation of RESPA; (5) Violation of TILA; (6) Violation of RESPA; (7) Violation of California Business and Professions Code § 17200; (8) Violation of California Civil Code § 2923.5; and (9) Violation of California Civil Code § 1632 [Doc. No. 11].

## **LEGAL STANDARD**

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072

---

[6] Plaintiff erroneously numbers what should have been paragraph 77 of her SAC, as 110.  To avoid confusion (as paragraph 77 eventually follows 110 on page 22 of the SAC), any future reference by the Court to paragraph 110, refers to paragraph 110 on page 21.

(9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, *supra*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## DISCUSSION

**I.  CLAIMS FIVE, SIX, EIGHT AND NINE**

As a preliminary matter, the Court acknowledges Plaintiff concedes dismissal is proper with respect to her fifth cause of action for violations of TILA (15 U.S.C. §§ 1601-1666j); sixth cause of action for violation of RESPA (12 U.S.C. § 2601 *et seq.*); eighth cause of action for violation of California Civil Code § 2923.5; and ninth cause of action for violation of California Civil Code § 1632.[7] Although Plaintiff requests the Court dismiss these four claims without prejudice, the Court finds dismissal without further leave to amend appropriate. Currently before the Court is Plaintiff's third attempt to set forth viable claims for relief. Further, Plaintiff's opposition provides the Court no indication she could successfully amend these claims if given yet

---

[7] Plaintiff brings her fifth cause of action (TILA) against all named defendants, except BAC; her sixth cause of action (RESPA) against all named defendants, except BAC; her eighth cause of action (Cal. Civ. Code § 2923.5) against defendants Bank of America and BAC; and ninth cause of action (Cal. Civ. Code § 1632) against defendants The Loan Consultants, America's Wholesale Lender and Countrywide.

1  an another opportunity to do so.  Indeed, Plaintiff's opposition is devoid of a single case law
2  citation in support of her arguments, fails to address several of Defendants' arguments in favor of
3  dismissal, and provides no indication as to what additional facts Plaintiff might later plead to
4  survive dismissal.  Accordingly, because the Court concludes that any further effort to amend
5  these causes of action would be futile, the Court hereby **DISMISSES** Plaintiff's fifth, sixth,
6  eighth, and ninth causes of action **with prejudice**.

## II.   REMAINING FEDERAL CAUSE OF ACTION: CLAIM FOUR

In her fourth cause of action—brought only against defendant BAC—Plaintiff alleges BAC violated RESPA (12 U.S.C. § 2601 *et seq.*) by failing to respond to her Qualified Written Requests sent May 28, 2009, and she is therefore entitled to damages and "an accounting of all monies received and expenditures made involving the loan account." [SAC ¶56.]  Defendant BAC asserts Plaintiff's RESPA claim is time-barred under 12 U.S.C. § 2614 because Plaintiff did not bring her claim within one year after she executed her loan documents on October 13, 2006.  [*Defs.' Mot. to Dismiss*, Doc. No. 15, p.8.]  BAC also argues the SAC fails to allege sufficient facts establishing a RESPA violation.  [*Id*. at 9.]  Moreover, a demand for accounting is a remedy, not a cause of action, and must be based on a viable claim for relief.  [*Id*. at 8.]

### (A)   Statute of Limitation

BAC asserts Plaintiff's RESPA violation is time-barred by the one-year statute of limitation under 12 U.S.C. § 2614.  Plaintiff does not address BAC's statute of limitation argument in her opposition.  Nevertheless, the Court finds Plaintiff's RESPA claim is not subject to the one-year limitation period under section 2614—the applicable statute of limitation is three years.  Accordingly, Plaintiff's claim is timely.

Section 2614 provides two different statutes of limitation for various violations of RESPA.  Specifically, actions for violations of 12 U.S.C. § 2605 must be brought within *three* years of the alleged violation, whereas actions for violations of 12 U.S.C. §§ 2607 or 2608 must be brought within one year.  *See* 12 U.S.C. § 2614.  Here, the three-year statute of limitation applies because Plaintiff's RESPA claim is premised on BAC's purported failure to respond to her QWRs, in

1  violation of section 2605(e). *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642
2  F.Supp.2d 1048, 1058 (N.D. Cal. 2009) (citing 12 U.S.C. § 2614).[8] Additionally, the Court
3  disagrees with Defendants' assumption that the statute of limitation was triggered when Plaintiff
4  consummated her loan on October 13, 2006.

5  Under federal law, a cause of action accrues "when the plaintiff knows or has reason to
6  know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th
7  Cir. 2004). Here, Plaintiff's RESPA claim against BAC is premised solely on BAC's alleged
8  failure to respond to her QWRs sent in May 2009. Under section 2605(e)(2), BAC had sixty days
9  to act or otherwise respond to Plaintiff's QWRs. Thus, the statute of limitation began to run when
10 BAC's time to respond expired in or around July or August 2009. The consummation of
11 Plaintiff's loan could not trigger the applicable statute of limitation because the offending conduct
12 did not occur until several years after her loan closed in 2006. Accordingly, Plaintiff's fourth
13 cause of action for violation of 12 U.S.C. § 2605 is timely.

14 **(B)    RESPA Violation 12 U.S.C. § 2605(e)**

15 BAC also argues Plaintiff's RESPA claim should be dismissed because the facts alleged
16 are insufficient to state a section 2605 violation. [Doc. No. 15, p.9.] Plaintiff contends BAC had a
17 duty to provide her the information requested in her QWRs, and BAC's failure to respond violated
18 RESPA.

19 Section 2605(e)(1)(B) defines "Qualified written request" as:

20 > [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
21 > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
22 > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or
23 > provides sufficient detail to the servicer regarding other information sought by the borrower.

25 / / /

---

27 [8] BAC's reliance on *Snow v. First American Title Ins. Co.*, 332 F.3d 356 (5th Cir. 2003) for a one-year statute of limitation is misplaced, as *Snow* involved alleged violations of 12 U.S.C. § 2706
28 for impermissible kickbacks and fee-splitting. Indeed, *Snow* acknowledged the longer three year statute of limitation applies to claims for violations of section 2605. *See id.* at 359.

1  In relevant part, Plaintiff alleges her counsel sent BAC two QWRs on or about May 28, 2009, which
2  requested:

3          [I]nformation on whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure, the identity of all holders of the note secured by the deeds of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance of the loan, an accounting of all monies applied to suspend or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all servicers of the account.

10 [SAC ¶54.] Plaintiff's allegations do not demonstrate she sent a proper QWR, and therefore fail to
11 state a claim under RESPA. First, there is no indication Plaintiff's QWRs included any
12 information required by section 2605. *See Espinoza v. Bank of America*, 2010 U.S. Dist. LEXIS
13 49048 *11-12 (S.D. Cal.). Plaintiff fails to allege she provided identifying information to enable
14 BAC to locate Plaintiff's loan documents, nor does she assert her QWRs included information
15 regarding why she believed her account was in error. Indeed, it appears the vast majority of
16 Plaintiff's broad requests for information related to her loan are not covered by section 2605.
17       Second, section 2605 only requires servicers to respond to a proper QWR by correcting the
18 account discrepancy, explaining why the account is correct, or if the information is unavailable, by
19 providing contact information for someone who can assist the borrower with her inquiry. *See* 12
20 U.S.C. §§ 2605(e)(2)(A)–(C). BAC did not have an obligation to provide Plaintiff the
21 extraordinary amount of information requested.
22       Third, Plaintiff's SAC fails to adequately allege she suffered damages as a result of BAC's
23 conduct. Under section 2605(f)(1), Plaintiff must, at a minimum, allege the "actual damages" she
24 suffered as a result of BAC's failure to respond to her QWRs. *See Sanchez v. Bear Stearns*
25 *Residential Mortgage Corp.*, 2010 U.S. Dist. LEXIS 46043 *11-12 (S.D. Cal.) (citing *Garcia v.*
26 *Wachovia Mortgage Corp.*, 676 F.Supp.2d 895, 909 (C.D. Cal. 2009)); *Garibay v. American*
27 *Home Mortgage Corp.*, 2010 U.S. Dist. LEXIS 29071 *6-9 (S.D. Cal.). Similarly, Plaintiff's
28 conclusory allegation that "Plaintiff is informed and believes that [BAC] has engaged in a pattern

1   and practice of not responding to borrow inquiries" [SAC ¶58] is insufficient to establish that she
2   is entitled to additional compensation beyond any actual damages. *See Sanchez*, 2010 U.S. Dist.
3   LEXIS at *12; 12 U.S.C. § 2605(f)(1). Accordingly, Plaintiff has failed to state a claim on which
4   relief may be granted.

5       **(C)    Demand for Accounting**

6   Plaintiff also seeks an accounting from BAC to "determine if there is in fact any monies
7   due under the note" or "if monies are owed to Plaintiff." [SAC ¶¶56, 57.] As BAC correctly
8   notes, and Plaintiff concedes, accounting is a remedy, not a cause of action. [Doc. No. 15, p.8
9   (citing *Batt v. City & County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007); Doc. No. 17, p.5;
10  *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1125-26 (9th Cir. 2000) (accounting is an
11  equitable remedy).] Plaintiff's right to an accounting is derivative in nature, such that it must be
12  based on a viable claim. *Hepler v. Washington Mut. Bank, F.A.*, 2008 U.S. Dist. LEXIS 88775
13  *10-11 (C.D. Cal. 2008) (citing *County of Santa Clara v. Astra U.S., Inc.*, 428 F.Supp.2d 1029,
14  1037 (N.D. Cal. 2006)). Because Plaintiff's RESPA claim does not survive Defendants' motion to
15  dismiss, Plaintiff's demand for accounting must also fail.

16  In addition, even if Plaintiff were to amend her claim to state a viable cause of action under
17  section 2605, accounting is not a remedy available under RESPA. *Espinoza*, 2010 U.S. Dist.
18  LEXIS at *12 (citing *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 97117
19  *36 (C.D. Cal.) (12 U.S.C. § 2605(f) provides the remedies available for violations of section
20  2605, which do not include an accounting)). Accordingly, Plaintiff's fourth cause of action is
21  **DISMISSED** without prejudice.

22  **III.    STATE LAW CLAIMS**

23  Because Plaintiff concedes her federal claims against Defendants ReconTrust,
24  Countrywide, Bank of America, American Wholesale Lender, and The Loan Consultants for
25  violations of TILA and RESPA are subject to dismissal, and the Court has granted Defendants'
26  motion to dismiss with respect to all of Plaintiff's federal claims against these five defendants, the
27  Court declines to retain jurisdiction over the remaining state law claims. When the Court's
28  jurisdiction is initially premised on a federal question, it may decline to exercise supplemental

jurisdiction over state law claims if no independent basis for subject matter jurisdiction exists after the dismissal of the federal claims. 28 U.S.C. § 1367(c)(3); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988)). The decision whether to retain or dismiss state claims after dismissal of all federal claims is fully discretionary. *Schneider v. TRW, Inc.*, 938 F.2d 986, 993-94 (9th Cir. 1991). In the usual case where federal claims are dismissed before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims. *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995); *Gini v. Las Vegas Metro. Police Dep't.*, 40 F.3d 1041, 1046 (9th Cir. 1994). Accordingly, the Court declines to exercise its discretion to retain the remaining state law claims and **DISMISSES** Plaintiff's first, second, third and seventh causes of action without prejudice.[9]

## CONCLUSION

For the reasons stated herein, the Court: (1) **GRANTS** Defendants' motion to dismiss. Claims five (TILA), six (RESPA), eight (Civil Code § 2923.5), and nine (Civil Code § 1632) are **DISMISSED WITH PREJUDICE**. Claims one (intentional misrepresentation), two (breach of fiduciary duty), three (quiet title), four (RESPA and accounting) and seven (Business and Professions Code § 17200) are **DISMISSED WITHOUT PREJUDICE**; (2) **DENIES** Defendants' request for judicial notice as moot; and (3) **DENIES** Defendants' motion to strike as moot.

**IT IS SO ORDERED.**

DATED: June 14, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge

---

[9] Because the Court has dismissed the entirety of Plaintiff's SAC, Defendants' request for judicial notice and motion to strike are **DENIED** as moot. [Doc. Nos. 15-3, 14-1.]